**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cr-20311-SHL |
| | ) | |
| CAMERON ROSS, | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO DISMISS**

Before the Court is Defendant Cameron Ross's Motion to Dismiss Pursuant to
Bruen/Williams, filed March 11, 2026.  (ECF No. 31.)  Ross is charged with being a felon in
possession of a firearm under 18 U.S.C. § 922(g)(1).  (ECF No. 18.)  He argues that "the
application of § 922(a)(1) [sic] as-applied violates his const[it]utional rights" because he "is not
dangerous nor violent."  (ECF No. 31 at PageID 49.)  The Government responded on March 26.
(ECF No. 34.)

For the reasons that follow, the Motion is **DENIED**.

**BACKGROUND**

The following facts are drawn primarily from the Government's response (ECF No. 34)
and assumed true just for the purposes of this Motion.  On the morning of October 7, 2025, an
officer observed a man driving a Cadillac DTS without a seatbelt.  (ECF No. 34 at PageID 90.)
When the officer attempted to conduct a traffic stop, the driver, later identified as Ross, sped up.
(Id.)  In his flight from the officer, Ross "crossed cross-streets, ran a red light without slowing
down, and then eventually lost control," crashing into KIPP Memphis Collegiate High School
while school was in session.  (Id.)  He then attempted to flee on foot across the school grounds

and was apprehended.  (Id.)  Retracing his steps, officers "found a Ruger LC9 9mm pistol, loaded with three rounds in the magazine."  (Id. at PageID 90–91.)  They also found 6.4 grams of cocaine in Ross's possession.  (Id. at PageID 91.)  He is charged under § 922(g)(1) as a felon in possession of a firearm.

Ross's previous felony conviction was for possession of heroin with the intent to deliver.  (Id.)  At sentencing on March 18, 2016, the Circuit Court of Tipton County, Tennessee, granted him Community Corrections instead of incarceration under Tennessee Code Annotated 40-36-106(a).  (ECF No. 31-1 at PageID 85.)  In finding him eligible for punishment in the community, the court reasoned that Ross had "not been convicted of a violent felony, no weapon [had been] involved, [and he had] not demonstrate[d] a past pattern of behavior indicating violence."  (Id.)

In addition to that one felony conviction, Ross's criminal record includes the following entries, as highlighted by the Government in its response:

- From 2009 to 2011, "he had various incidents involving possession of controlled substances with intent, which resulted in diversion";

- "in 2019 and 2024, he received partially suspended sentences for simple possession"; and

- "in 2024, he received a 60-day sentence for possession of methamphetamine."

(ECF No. 34 at PageID 93 (citation modified).)

Ross contends that the § 922(g)(1) charge violates his Second Amendment right to own a firearm under N.Y. State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022), because he "is not dangerous nor violent."  (ECF No. 31 at PageID 49.)

## ANALYSIS

"[G]overnments may use class-based legislation to disarm people it believes are dangerous, so long as members of that class have an opportunity to show they aren't."  United

States v. Williams, 113 F.4th 637, 661–62 (6th Cir. 2024).  "In an as-applied challenge . . . , the defendant bears the burden of showing that 'he himself is not actually dangerous.'"  United States v. Taylor, 165 F.4th 1029, 1033 (6th Cir. 2026) (quoting Williams, 113 F.4th at 663).  A person is "dangerous" for the purpose of § 922(g)(1) if he has committed either "(1) a crime 'against the body of another human being,' including (but not limited to) murder, rape, assault, and robbery, or (2) a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary."  Williams, 113 F.4th at 663.  "An individual in either of those categories will have a very difficult time, to say the least, of showing he is not dangerous."  Id.  "[W]hen considering an individual's dangerousness, courts may evaluate a defendant's entire criminal record—not just the specific felony underlying his section 922(g)(1) prosecution."  Id.  Courts may also look at "offense conduct," the specific acts of the defendant during the charged offense, in the dangerousness determination.  Taylor, 165 F.4th at 1035.

Here, the predicate felony undergirding Ross's § 922(g)(1) charge is the 2016 conviction for possession of heroin with the intent to deliver—a "drug trafficking" crime under Williams. 113 F.4th at 663.  This fact alone supports a finding that Ross is dangerous.  But his history with drugs, spanning at least fifteen years, culminated in a reckless and highly dangerous police chase.  As a result of that chase, he crashed into a school with children inside and left a loaded firearm on the school grounds.  This recent offense conduct, on top of Ross's criminal history, reveals that he poses a significant danger to the community.  See Taylor, 165 F.4th at 1035 ("Taylor's handling and firing of the firearm inside his townhouse created 'a dangerous situation' . . . .").

Ross claims that he is not violent.  In support, he attaches a transcript of the 2016 hearing in which the sentencing judge found that he "does not demonstrate a pattern of behavior

indicating violence."  However, "Williams does not require violence to show dangerousness." Id.; see also United States v. Crawford, No. 23-5429, 2025 WL 3496999, at *2 (6th Cir. Dec. 5, 2025) ("[A] specific instance of drug trafficking does not need to involve violence, or even an immediate threat of violence, to pose a significant threat of danger." (citing Williams, 113 F.4th at 659)).

Evaluating Ross's entire criminal record and the conduct of the charged offense, the Court finds that he poses a significant danger to the community.  He has not met his burden to show that "he himself is not actually dangerous."  Taylor, 165 F.4th at 1033 (quoting Williams, 113 F.4th at 663).  Thus, § 922(g)(1) is constitutional as applied to him.

<strong><u>CONCLUSION</u></strong>

For the reasons stated above, the Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED,** this 14th day of April, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

4